UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLFO CAZAREZ,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>        Defendant. | Case No. 24-cv-00376-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket No. 14 |

The instant case is related to *Benter v. United Parcel Service, Inc.*, No. C-24-0375 EMC (N.D. Cal.). Like the plaintiff in *Benter*, Mr. Cazarez has made a single claim of failure to reimburse business expenses, specifically, cell phone expenses ($50/month). Like the plaintiff in *Benter*, Mr. Cazarez initiated proceedings against UPS before the California Department of Industrial Relations, Labor Commissioner's Office ("DIR") and lost, after which he filed an appeal with the Contra Costa Superior Court. UPS removed the case from state court to this Court, as it did in *Benter*. Mr. Cazarez now moves for a remand. The Court finds this matter suitable for disposition without oral argument and thus **VACATES** the hearing on the motion.

In *Benter*, the Court granted the plaintiff's motion to remand. The Court does so here as well. Although UPS timely removed the case at bar from state to federal court,[1] it has failed to prove by a preponderance of the evidence that the amount in controversy has been met for

---

[1] Mr. Cazarez served UPS with notice of his state court suit on December 18, 2023. UPS had 33 days to remove: (1) the 30 days afforded by the removal statute, see 28 U.S.C. § 1446, plus (2) 3 more days under Federal Rule of Civil Procedure 6(d) because service was effectuated by mail. In other words, UPS had until January 20, 2024, to remove. January 20, however, was a Saturday. The first Court day thereafter was January 22, 2024, which is when UPS filed its notice of removal.

purposes of diversity jurisdiction.  The analysis in *Benter* is equally applicable here.

Accordingly, the Court **GRANTS** Mr. Cazarez's motion to remand.  However, as in *Benter*, it denies the request for attorneys' fees because UPS's removal was not unreasonable.  *See* 28 U.S.C. § 1447(c).

Accordingly, the Clerk of the Court is instructed to remand this case back to Contra Costa Superior Court and close the file in this case.

This order disposes of Docket No. 14.

**IT IS SO ORDERED.**

Dated: May 13, 2024

_____
EDWARD M. CHEN
United States District Judge